IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| LAURA BUMP, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-06-CV-426 |
| | § | |
| ARVA INDUSTRIES INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

This case arises out of the death of one man and the serious injury of another while operating a vehicle mounted articulating man-lift used to assist in putting up and maintaining signs on the side of the road.  Plaintiff Laura Bump brings this action individually and on behalf of the estate of Barnett Bump.  Clifton Casto brings this action on behalf of himself to recover for his damages suffered as a result of his injury.  The Defendant in this action is Arva Industries, Inc. ("Arva"), a Canadian corporation with its principle place of business in Canada.  Now before the Court is Arva's Motion to Dismiss for lack of personal jurisdiction.  For the reasons articulated below, the Motion is **GRANTED**, and Plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE**.[1]

## I. Background

John Frederick Smith is Arva's president, and his deposition testimony is the main evidence presented by both sides in conjunction with this Motion.  The following facts are established by Smith's deposition and are not refuted by any Party.  Arva is a privately held

---

[1] The Court does not consider this Order worthy of publication.  Accordingly, it has not requested and does not authorize publication.

company with two shareholders, Smith and Laverne Eck.  Arva is not a subsidiary or affiliate of

any other company, and it has no subsidiaries or affiliates.  Arva Crane Limited ("Arva Crane"),

which ceased operations in 1994, refurbished the man-lift that allegedly injured Plaintiffs.

During that time, Eck and Smith were also shareholders of Arva Crane.  In 1994, the assets of

Arva Crane were sold and were used to pay off debts.  Arva and Arva Crane never shared any

assets and were never affiliated with each other.  After the dissolution of Arva Crane, five of

fifty employees of Arva Crane were hired at Arva.  Likewise, some former customers of Arva

Crane are now customers of Arva since the business of the two companies overlapped in some

areas.

Based on this information, Plaintiffs argue that Arva and Arva Crane constituted either a

joint enterprise or a single business enterprise and that Arva is liable for the actions of Arva

Crane.[2]

## II.  Legal Standard

As a nonresident of Texas, Arva is subject to personal jurisdiction in this District if: (1) it

is amenable to service of process under Texas's long-arm statute, and (2) the exercise of personal

jurisdiction over the defendant is consistent with due process.  *See Stripling v. Jordan Prod. Co.,

L.L.C.*, 234 F.3d 863, 869 (5th Cir. 2000); *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954

F.2d 1061, 1067 (5th Cir. 1992).  The Texas long-arm statute grants jurisdiction over a

nonresident defendant "doing business" in Texas.  *See* TEX. CIV. PRAC. & REM. CODE § 17.042

(Vernon 1997).  The phrase "doing business" has been interpreted to reach as far as the United

States Constitution permits, and therefore the jurisdictional inquiry under the Texas long-arm

---

[2] Much of the briefing seems focused on the ability of Plaintiff to hold Arva liable for the actions of Arva Crane.
Since this is a Motion to Dismiss for Lack of Personal Jurisdiction, those arguments are irrelevant.  However, the
Court notes that there is little in the current record which would support liability against Arva.  Obviously, the Court
is not deciding that issue here.

statute collapses into a single due process inquiry.  *See Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993); *Williams v. Castro*, 21 F. Supp. 2d 691, 692 (S.D. Tex. 1998); *Schlobohm v. Shapiro*, 784 S.W.2d 355, 356-57 (Tex. 1990).

Whether the exercise of personal jurisdiction over a defendant is consistent with the Due Process Clause of the United States Constitution likewise requires a two-pronged inquiry.  First, the Court must conclude that the defendant has "minimum contacts" with the forum state.  *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945). Second, the Court must determine that requiring the defendant to litigate in this forum does not offend "traditional notions of fair play and substantial justice."  *Id.; see also Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994); *Ruston Gas Turbines*, 9 F.3d at 418.

The "minimum contacts" prong can be satisfied by finding either general or specific jurisdiction over a defendant.  *See Wilson*, 20 F.3d at 647.  A defendant's contacts unrelated to the cause of action may confer general jurisdiction, but these contacts must be both "continuous and systematic" and "substantial."  *Id.*  at 647, 650-51.  A defendant's limited contact with the forum state may support specific jurisdiction if such contacts give rise to the cause of action.  *See Ruston Gas Turbines*, 9 F.3d at 419 ("A single act by the defendant directed at the forum state, therefore, can be enough to confer personal jurisdiction if that act gives rise to the claim being asserted.").

Generally, the plaintiff bears the burden of establishing the Court's jurisdiction over a nonresident defendant.  *See Wilson*, 20 F.3d at 648.  However, it is sufficient for the plaintiff to make a prima facie showing of jurisdiction, and any conflicts between affidavits are resolved in favor of the plaintiff.  *See Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784, 785 (5th Cir. 1990); *Guyton v. Pronav Ship Mgmt., Inc.*, 139 F. Supp. 2d 815, 818 (S. D. Tex. 2001).

## III.  Analysis

Plaintiff argues that Defendant is subject to general personal jurisdiction in this Court.[3] Plaintiff's only support for this argument is that Defendant has sold roughly $6,000.00 worth of goods to a Texas corporation and has purchased roughly $900,000.00 worth of goods from Texas companies.[4]  This is not enough to support general jurisdiction when Defendant is not authorized to do business in Texas, does not have an agent for service of process in Texas, has never signed a contract in Texas, and has never had employees in Texas.   "Purchases and related trips, standing alone, are not a sufficient basis for a State's assertion of jurisdiction."  *Helicopteros Nacionales do Colombia, S.A. v. Hall*, 466 U.S., 408, 417, 104 S. Ct. 1868, 1874, 80 L. Ed. 2d 404 (1984).   The $6,000.00 in sales is simply not enough to change this analysis in any meaningful way.  Defendant's contacts with Texas are not continuous, systematic, or substantial. Defendant could not have anticipated being haled into Court in Texas, and exercising jurisdiction over it would offend traditional notions of fair play and substantial justice in violation of the Due Process Clause.

## IV.  Conclusion

For the reasons outlined above, the Court finds that it does not have jurisdiction over Defendant.  Accordingly, Defendant's Motion to Dismiss is **GRANTED**, and Plaintiffs' claims against it are **DISMISSED WITHOUT PREJUDICE**.  All Parties are to bear their own costs, expenses, and attorneys' fees incurred herein to date.

---

[3] Even though Plaintiffs did not argue for specific jurisdiction in this case, the Court notes that it would not exist. Specifically, Defendant had nothing to do with the equipment in question, and the contacts of Arva Crane would not be attributable to Arva.  *See Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1160 (5th Cir. 1983).  Plaintiff apparently intends to argue that Defendant is liable for the debts of Arva Crane on the basis of a single business enterprise theory.  Though that argument is not currently before the Court, there is very little in the Record that would support such a finding.
[4] Defendant argues that it only sold about $3,600.00 worth of products to Texas corporations, but does not contest its purchases from Texas companies.

**IT IS SO ORDERED.**

**DONE** this 11th day of May, 2007 at Galveston, Texas.

Samuel B. Kent
United States District Judge